UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES DEAN FUSON,

        Petitioner,               Case Number: 06-13211-BC
                                                             Honorable David M. Lawson

v.

SHIRLEE HARRY,

        Respondent.
_____/

## OPINION AND ORDER TRANSFERRING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

The petitioner, James Dean Fuson, is a state prisoner currently confined at the Muskegon Correctional Facility in Muskegon, Michigan, who has filed his second *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted in 1995 in the Wayne County, Michigan circuit court of two counts of first-degree murder, supported by theories of felony murder and premeditated murder, as well as one count of breaking and entering an occupied dwelling, which was later vacated by the Michigan Court of Appeals. *See People v. Hanson*, No. 189346, 189365, 189366, 1998 WL 1991092, at *3 (Mich. Ct. App. June 9, 1998). The petitioner was sentenced to concurrent prison terms of life without the possibility of parole for the murder convictions. In his petition, the petitioner raises claims concerning the trial court's lack of jurisdiction, the ineffective assistance of appellate counsel, the ineffective assistance of trial counsel, the petitioner's absence from a critical stage of the proceedings, the denial of an impartial jury, the voluntariness of his statements to police, the adequacy of the jury instructions, the propriety of his bindover, misconduct by the prosecutor, the admission of hearsay testimony in violation of the Confrontation Clause, the sufficiency of the evidence, and the cumulative effect of all of these

errors. The Court concludes that the present petition constitutes a successive petition within the meaning of 28 U.S.C. § 2244(b)(3), over which this Court lacks jurisdiction. The Court, therefore, will transfer the matter to the Court of Appeals so that the petitioner may seek permission to proceed.

I.

The petitioner recently filed a petition for writ of habeas corpus in this Court challenging the same convictions and raising the same claims. The case was assigned to the Honorable John Corbett O'Meara. On August 3, 2006, Magistrate Judge R. Steven Whalen signed an order transferring the petition to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) on the ground that the petitioner had previously filed a habeas petition in the United States District Court for the Western District of Michigan in which he challenged the same convictions. *See Fuson v. Harry*, No. 06-12636 (E.D. Mich. Aug. 3, 2006).

A suit is duplicative and subject to dismissal if the "claims, parties, and available relief do not significantly differ" from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Here, the petitioner's current habeas petition challenges the same convictions and sentences and is based on the same grounds as the previous case assigned to Judge O'Meara. Therefore, it appears that the present petition is subject to dismissal as a duplicate petition. *See, e.g.*, *Daniel v. Lafler,* No. 06-CV-12343, 2006 WL 1547772, at * 1 (E.D. Mich. June 1, 2006); *see also Davis v. U.S. Parole Comm'n*, 870 F.2d 657, No. 88-5905, 1989 WL 25837, at * 1 (6th Cir. March 7, 1989) (holding that a district court may dismiss a habeas petition as duplicative of a pending habeas petition when the second petition is essentially the same as the first petition).

However, the Court cannot dismiss the present case on the grounds that it is duplicative because this Court has no jurisdiction to act on a second or successive petition. The Sixth Circuit has held that "§ 2244(b)(3) allocates subject matter jurisdiction to the court of appeals, rather than the district court, in the first instance, over a second or successive habeas petition." *Smith v. Anderson*, 402 F.3d 718, 723 (6th Cir. 2005); *see also In re Bowling*, 422 F.3d 434, 440 (6th Cir 2005).

This Court is aware that the petitioner previously filed a habeas petition challenging these convictions in the Western District of Michigan, which was denied on the merits and on the grounds of procedural default. *See Fuson v. Pitcher*, No. 1:99-CV-627 (W.D. Mich. June 26, 2000). Before a second or successive habeas petition is filed in the district court, the applicant is required to move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The Court must transfer the petition regardless of the apparent merits of the claim presented because the Court lacks jurisdiction to consider a successive habeas petition when prior authorization for filing the successive petition has not been obtained from the Court of Appeals. *Id.*

Accordingly, it is **ORDERED** that the Clerk shall **TRANSFER** the petition to the United States Court of Appeals for the Sixth Circuit.

                                           s/David M. Lawson
                                           DAVID M. LAWSON
                                           United States District Judge

Dated: August 22, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 22, 2006.

                              s/Tracy A. Jacobs
                              TRACY A. JACOBS